BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
ANDRÉ BIROTTE JR.
United States Attorney
JOHN R. TYLER
Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar #9846)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC 20530
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN RIGHTS WATCH,<br><br>Plaintiff,<br><br>v.<br><br>DRUG ENFORCEMENT ADMINISTRATION et al.,<br><br>Defendants. | NO. CV 2:15-2573 PSG (JPR)<br><br>**DECLARATION OF ROBERT W. PATTERSON** |

I, ROBERT W. PATTERSON, declare and say:

1. I am an Assistant Special Agent in Charge at the United States Department of Justice, Drug Enforcement Administration (DEA). I have held this position for 8 years. Based on my current role within DEA, I am familiar with the data collection that is described below, the cessation of that data collection, and the

Declaration of Robert W. Patterson
Case No. CV 2:15-2573 PSG (JPR)

ultimate disposition of the database containing the collected data. This declaration is based on my personal knowledge and upon information that has been provided to me in my official capacity.

2. I have reviewed the Complaint in the above-captioned case and understand that the Plaintiff seeks to challenge the data collection described in the declaration attached to the Complaint, which I previously submitted in the case *United States v. Hassanshahi*, No. 13-274 (D.D.C.). The data collection described in that declaration consisted of telecommunications metadata that DEA obtained from United States telecommunications service providers pursuant to administrative subpoenas served upon the service providers under the provisions of 21 U.S.C. § 876. This metadata related to international telephone calls originating in the United States and calling designated foreign countries that were determined to have a demonstrated nexus to international drug trafficking and related criminal activities. This metadata consisted exclusively of the initiating telephone number; the receiving telephone number; the date, time, and duration of the call; and the method by which the call was billed. The metadata was stored in a separate database in the sole possession and control of DEA. No subscriber information, other personal identifying information, or communication content was included in the database. This database was a federal law enforcement database that could be used to query a telephone number where federal law enforcement officials had a

reasonable articulable suspicion that the telephone number at issue was related to an ongoing federal criminal investigation. The query at issue in the *Hassanshahi* case was conducted by DEA, using this database, on August 24, 2011, at the request of the Department of Homeland Security, Homeland Security Investigations, based on a reasonable articulable suspicion that the Iranian number used for the query was being used for the purpose of importing technological goods to Iran in violation of United States law.

3. Use of the database was suspended in September 2013 and ultimately terminated. As of the suspension date, the data collection described above ceased, the data was quarantined, and no further queries of the data were made. Prior to April 7, 2015, the date of the Complaint in the above-captioned case, the database had been purged of the collected data, and the database no longer exists.

4. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

6-11-2015
Date

ROBERT W. PATTERSON
Assistant Special Agent in Charge
U.S. Drug Enforcement Administration

---

Declaration of Robert W. Patterson
Case No. CV 2:15-2573 PSG (JPR)