SAIED KASHANI, SBN 144805
800 West First Street Suite 400
Los Angeles, California  90012
tel. (213) 625-4320
fax  (213) 652-1900
email:  **saiedkashani@gmail.com**

Attorney for Defendant
SHANTIA HASSANSHAHI

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Crim. No. 13-0274(RC) |
| | ) |
| Plaintiff, | ) REPLY OF SHANTIA HASSANSHAHI |
| | ) RE: CLAPPER DECISION |
| v. | ) |
| | ) |
| SHANTIA HASSANSHAHI, | ) |
| | ) |
| Defendant. | ) |

Defendant Shantia Hassanshahi replies to the government's paper on the recent <u>ACLA v. Clapper</u> decision.

### A. Regardless of alleged attenuation of the taint of illegality, the evidence will still be suppressed if the violation was willful or flagrant

Government continues to claim the illegal conduct was "attenuated" because the agent's alleged search of the TECS database provided additional grounds for a search.  These "grounds" consisted of a fourteen-year-old investigation that resulted in no criminal charges.  Under that theory, any person who has ever been investigated (but not charged) for a possible crime loses his Fourth Amendment rights and is thereafter always "fair game" for an unconstitutional search.  More significantly in this case, the government's original affidavit did not mention any TECS search.  This claim was made only after the motion to suppress.  And the supposed records of the TECS search bore a print date of 2014, years after the search was supposedly conducted.

That aside, even in cases of clear attenuation, the evidence will still be suppressed if the government misconduct was flagrant.  In considering attenuation, "the purpose and flagrancy of the official misconduct are [] relevant." <u>Brown v. Illinois</u>, 422 US 590, 611 (1975) (Blackmun, concurring).  "I would require the clearest indication of attenuation in cases in which official misconduct was flagrantly abusive of Fourth Amendment rights.. . . In such cases the deterrent value of the exclusionary rule is most likely to be effective, and the

corresponding mandate to preserve judicial integrity, most clearly demands that the fruits of official misconduct be denied."

Indeed, "the purpose and flagrancy of the official misconduct... is considered the most important [factor] because it is tied directly to the rationale underlying the exclusionary rule, deterrence of police misconduct." United States v. Reed, 349 F.3d 457, 464-65 (7th Cir. 2003).

Caselaw in turn differentiates between the casual, good-faith mistake which will support a finding of attenuation, and the *purposeful, intentional* violation that will negate attenuation.  In Reed, the court emphasized that the quality of "purposefulness" is a crucial factor.  For example where, as in Reed, the police intentionally arrest the suspect without probable cause in hopes "something might turn up", a subsequent voluntary confession made after *Miranda* warnings will nonetheless be suppressed.  349 F.3d at 465.

Here, the government misconduct was nothing *but* purposeful:

1.   The government intentionally subpoenaed essentially 100% of Americans' telephony data and metadata for *decades*, without any specific investigation pending, all in deliberate violation of the statute.

2.   The government made the resulting database available to any and all comers, in deliberate violation of the statutory limitation to drug enforcement cases.

3.   The government took steps, as in this case, to conceal the true source of the information.

4.   The government did all this deliberately, purposefully

3

and systematically, all the while knowing *for certain* of the statutory violations and with strong knowledge of the Fourth Amendment implications if not outright violations.

The flagrancy and purposefulness of the program far exceeds, in depth and scope, any one-time intentional violation such as was found flagrant in cases like Reed.

The government has recognized its wrongdoing and (it claims) suspended use of the database and (it claims) "purged" the database.  So the question remains: should the government benefit from a database the government itself recognizes cannot and should not be used?

DATED:   July 28, 2015

Saied Kashani
California State Bar 144805
800 W. 1st St. Suite 400
Los Angeles, CA  90012
tel. (213) 625 4320

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing opposition was served electronically on all counsel through the ecf system.

*Saied Kashani*

Saied Kashani